UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON T. HUNTER,

    Plaintiff,

v.                                           Case No. 8:17-cv-464-T-23AEP

SHAWN JILES, *et al.*,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, who proceeds in this matter *pro se*, filed a Complaint seeking a Writ of Prohibition against Defendants for, *inter alia*, malicious prosecution, and retaliatory false arrest ("Complaint") (Doc. 1). Plaintiff alleges that his constitutional rights have been violated and that he suffered harm as a result. Also currently before the Court is Plaintiff's Motion to Appear Informa Pauperis and Affidavit of Indigency ("Motion") (Doc. 2), which the Court construes as a request to proceed *in forma pauperis*.

## STANDARD

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. §1915(a)(1). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir.

2010) (*per curiam*) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Namely, dismissal for failure to state a claim is appropriate if the facts, as pled, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Furthermore, an action is frivolous where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or "lacks an arguable basis either in law or fact." *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-29 (1989). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*).

In reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Here, Plaintiff recites a myriad of disjointed contentions in a rambling nine-page Complaint, which stems from Plaintiff's 2016 arrest and subsequent criminal conviction and contains allegations of false arrest, defamation, and retaliation, wrongful conviction, and violations of his constitutional rights (Doc. 1). Plaintiff seems to allege that his First Amendment, Fourth Amendment, Fifth Amendment, Sixth Amendment, Tenth Amendment, Fourteenth Amendment, and Fifteenth Amendment rights were violated and seeks injunctive relief in the form of writs of prohibition and mandamus (Doc. 1 at 2, 9). Plaintiff alleges that he was "constructively discharged . . . from political office for a failure to submit documents as a write-in candidate for sheriff of Highlands County, Florida, via primary qualification in June of 2016" because he could not bond out of jail in time to qualify (Doc. 1 at 3). Plaintiff also apparently makes several

allegations related to his underlying prosecution in Highlands County, Florida, that: the psychologists who examined Plaintiff committed perjury; the attorney who represented him, Defendant Shawn Jiles, did so against Plaintiff's will; and the judge who presided over Plaintiff's criminal case, Defendant Judge Peter Estrada, is an "unprofessional" who framed another man (Doc. 1 at 4–5).

However, based on these allegations, Plaintiff's Complaint fails to state a claim for relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678. To state a claim, a pleading must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). Here, Plaintiff references his constitutional rights, but does not say which rights were violated, who violated them, or how they were violated. Plaintiff also fails to state who maliciously prosecuted him, who falsely arrested him, and how either of those violations occurred in a malicious or false manner. As an additional matter, Plaintiff's affidavit fails to provide any financial information for the Court to render its indigency assessment. Accordingly, after due consideration, it is hereby

RECOMMENDED:

1. Plaintiff's Motion (Doc. 2) be DENIED.

2. Plaintiff's Complaint (Doc. 1) be DISMISSED WITHOUT PREJUDICE.[2]

3. All other pending motions be DENIED AS MOOT.

---

[2] Based on Plaintiff's allegations, venue may be improper in the Middle District of Florida. Plaintiff lives in Sebring, Florida and his allegations all relate to events occurring primarily in Highlands County, Florida. If the allegations are accurate, then venue would appear to be proper in the federal judicial district which encompasses Highlands County, Florida, that is the Southern District of Florida. Any amended complaint filed by Plaintiff that corrects the noted deficiencies shall also comply with Rule 10, which requires Plaintiff to state his claims in numbered paragraphs, with each paragraph limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b).

DONE AND ORDERED in Tampa, Florida, on this 16th day of May, 2017.

*[signature]*
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Plaintiff, *pro se*

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.